IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSE GONZALEZ GARCIA,**

Petitioner

v.

**UNITED STATES OF AMERICA,**

Respondent

CIVIL NO. 13-1938 (PG)
(REL. CRIM. NO. 10-175(PG))

**OPINION AND ORDER**

Before the Court is Petitioner Jose González-García's petition under 28 U.S.C. § 2255 and memorandum in support (D.E. 1). The Government filed a response to the petition (D.E. 3). Petitioner did not file a reply thereto. For the reasons discussed below, this Court finds that the petition and the request for an evidentiary hearing be **DENIED WITH PREJUDICE**.

**I. PROCEDURAL BACKGROUND**

Petitioner Jose Gonzáles-García (hereinafter "González-García" or "Petitioner") was charged on May 5, 2010 with conspiracy to possess with the intent to distribute narcotics within one thousand (1,000) feet of a housing facility owned by a public housing authority in Count One of the Indictment (Crim. D.E. 3). On December 17, 2010, González-García accepted a plea offer tendered by the Government and plead guilty as to Count One of a six-count superseding indictment (Crim. D.E. 671). Petitioner was sentenced on July 11, 2011 to an imprisonment term of one-hundred and eighty

CIVIL NO. 13-1938 (PG)                                                                  2
REL. CRIM. NO. 10-175 (PG)

(180) months based on an adjusted offense level of thirty-four (34) and a Criminal History Category (hereinafter "CHC") of II (Crim. D.E. 1430).

On July 13, 2011, Petitioner filed a timely notice of appeal (Crim. D.E. 1430) in which he challenged his CHC and the voluntariness of his plea based on a CHC of II instead of I. On August 20, 2012, the First Circuit Court of Appeals affirmed the judgment. The First Circuit Court found that the González-García knew that his CHC was not unchangeable by virtue of the plea agreement (Crim. D.E. 1832). The First Circuit also noted that Petitioner did not object to his counsel's representation at his sentencing hearing in regards to his participation in the drug conspiracy, which began in 2002, thereby rendering relevant for CHC purposes his 1995 Puerto Rico weapons law conviction (Crim. D.E. 1832).

On December 23, 2013, Gonzalez-Garcia filed his § 2255 motion in which he raises a claim of ineffective assistance of counsel. González-García argues in his memorandum that his counsel's assistance was ineffective because: (1) he failed to object to the duplicitous nature of Count One of the Indictment; (2) he failed to object to the Criminal History Category and conceded an adjusted offense level based on erroneous information; and (3) he failed to object to what Petitioner now alleges was prosecutorial misconduct. Petitioner also claims that his appellate counsel was ineffective

CIVIL NO. 13-1938 (PG)                                                3
REL. CRIM. NO. 10-175 (PG)

for allowing an alleged government breach of the plea agreement (D.E. 1).

## II. DISCUSSION

### A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), all prisoners have a one year period of limitations for 2255 motions after their convictions become final. Prior to AEDPA, a motion could be filed at any time. Now, if the motion is filed even one day late, the court may dismiss it with prejudice. Congress intended that AEDPA be applied to all § 2255 petitions filed after its effective date. See Pratt v. United States, 129 F.3d 54, 58 (1st Cir.1997).

For a § 2255 motion to be timely, it must be filed before the one year term of the latest of one of four dates described in Title 28 U.S.C. § 2255(f):

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion under such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

CIVIL NO. 13-1938 (PG)                                                  4
REL. CRIM. NO. 10-175 (PG)

>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner appealed this Court's conviction on July 13, 2011 (D.E. 1445). The First Circuit Court's judgment was rendered on August 20, 2012, and since he did not file a writ of certiorari, judgment became final ninety (90) days later, to wit, on November 18, 2012. See Clay v. United States, 537 U.S. 522, 527 (2003). Petitioner had until November 18, 2013 to timely file his § 2255 petition. However, since Petitioner filed the motion on December 23, 2013, his § 2255 motion is time barred.

Petitioner's untimely § 2255 motion is therefore dismissed and his ineffective assistance of counsel claims need not be considered by this Court.

### III. CONCLUSION

Based on the above, the Court finds that Petitioner's request for habeas relief under 28 U.S.C. § 2255 (D.E. 1) is **DENIED AND DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, this 17th of July, 2014

                                **S/JUAN M. PEREZ-GIMENEZ**
                                **SENIOR UNITED STATES DISTRICT JUDGE**